## Scholl's Detective License.

*Detectives—License—Necessity—Discretion of court—Act of May 23, 1887.*

1. The Court of Quarter Sessions has discretion, under the Act of May 23, 1887, P. L. 173, to reject an application for a detective license where there is no necessity for granting it, although the applicant has proper qualifications.

2. Such a license for a borough will be rejected where it appears that the borough maintained a competent police force, that there were ten constables in office in it, and that two private detective agencies had already been licensed therein.

Application for detective license. Q. S. Montgomery Co., Nov. Sess., 1924.

*Eli F. Wismer*, for applicant.

MILLER, P. J., Jan. 12, 1925.—The applicant presented his petition under the Act of May 23, 1887, P. L. 173, and, after notice and in due course, it came on for hearing. It appears that Mr. Scholl is regularly employed in an industrial plant at Pottstown, and, as an auxiliary occupation or side line, he acts, when occasion requires, as an investigator for the Pennsylvania Identification and Investigation Bureau of Reading, Pa. This concern is a corporation which, for a consideration, sells or assures to its patrons "protection." It has many subscribers in Pottstown, who thereby acquire the right to rely on it, in addition to reliance on the local police department, for safety against loss by theft and other crime and to call upon it, when such crime has been committed, to aid in detecting the criminal. So far as shown, this concern is entirely reputable in both its business and its methods, and Mr. Scholl is worthy and in every way competent and qualified to be entrusted with the license he desires.

But his application is, in our opinion, met by an insurmountable difficulty. The only real reason why he desired a license is to aid him, as an investigator for this concern, by giving to him the power to serve warrants and to make arrests. He has no thought whatever either of giving up his present regular occupation or of engaging exclusively in the business of private detective. He seeks to be vested with the power which the appointment would give him only for use in connection with his auxiliary business as an investigator.

As we view it, the court should move with great caution in such a case. It is not a wise policy to vest in one whose business it is to investigate crime, which quite frequently leads to a conclusion, whether right or wrong, as to the identity of the guilty party, which conclusion may be followed by the obtaining of a warrant for that party's arrest, the power to serve the warrant and make the arrest. This is especially true in a community which maintains an adequate police department, and should contain ten constables in addition to the members of the force. To do so in Mr. Scholl's case would, no doubt, turn out all right, but such action might establish a troublesome precedent for the future.

Scholl's Detective License.

But, lawfully, we cannot move at all. Conceding the competency of the applicant, the act further requires that he shall satisfy us of the necessity of the appointment. Pottstown now contains not only its police department and a constable in each of its ten wards, but also two private detective agencies licensed by this court. There is not a word of testimony before us to the effect that these two agencies are unable to handle the business of the community or that a third agency is required. A mere desire on the part of the applicant to be licensed is not sufficient. The court has the power to, and should, consider the question of necessity. We do not believe that the legislature intended that the court, having knowledge of the field already being fully supplied and covered, should still go on and issue licenses without limit. We, on the other hand, do believe that it intended, and so construe the act, that the court has discretionary power with regard to the necessity for license: Shelley's Petition, 1 D. & C. 552. Also, see Bartolemeo's Detective License, 22 Dist. R. 502, 41 Pa. C. C. Reps. 252.

There having been made no real effort to show necessity for an additional detective agency in Pottstown, we, with our knowledge of local conditions, cannot do otherwise than refuse the application.

And now, Jan. 12, 1925, the prayer of the petition is refused.

From Aaron S. Swartz, Jr., Norristown, Pa.